# United States District Court
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

JUSTSTORAGE LLC

v.

JOSEPH HOLAND, JUST A CLOSET LLC, JUST A CLOSET MANAGEMENT, LLC, JUST A CLOSET #9 LLC, and VERTURO INTERESTS, LLC

§
§
§
§
§
§
§
§

CIVIL ACTION NO. 3:25-CV-2640-S

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendants Joseph Holand, Just A Closet LLC, Just A Closet Management, LLC, Just A Closet #9 LLC, and Verturo Interests, LLC's Motion to Transfer Venue ("Motion") [ECF No. 36]. The Court has reviewed the Motion, Defendants' Appendix in Support of the Motion ("Defendants' Appendix") [ECF No. 36-1], Plaintiff JustStorage LLC's Response in Opposition to the Motion ("Response") [ECF No. 39], and Defendants' Reply in Support of the Motion ("Reply") [ECF No. 40]. For the following reasons, the Court **GRANTS** the Motion.

## I. BACKGROUND

In this lawsuit, Plaintiff asserts trademark infringement claims relating to Defendants' domain name, www.juststorage.com. Second Am. Compl. ("Complaint") [ECF No. 37] ¶¶ 1-2, 42-107. Plaintiff claims that venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)(1)-(2). *Id.* ¶ 18. A civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the [s]tate in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1), (2). Plaintiff alleges that all Defendants reside in Texas, and Defendant Just A Closet #9 LLC, has a primary place of business in Lubbock, Texas, which is in

the Northern District of Texas. Compl. ¶ 18. Additionally, Plaintiff alleges that a substantial part of the events giving rise to the claim occurred in the Northern District of Texas because "Defendants' activities infringe on the trademark rights of Plaintiff by redirecting all online traffic, including both Texas-based and out-of-state consumers seeking Plaintiff's services, to Defendants' own website and physical offerings, including those within this [d]istrict in Lubbock, Texas." *Id.*

Defendants move to transfer this case to the McAllen Division of the Southern District of Texas under 28 U.S.C. § 1404(a) because"[n]one of the facts, parties, or presumed witnesses of this case are tied to the Dallas Division" and "[t]he McAllen Division is where all [Defendants] are headquartered/reside, where a majority of the witnesses, including third-parties, reside, and a majority of the documentary evidence is located." Mot. 4.

## II. LEGAL STANDARDS

A court may transfer an action to "any other district or division where it might have been brought" for the "convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). "A party seeking a transfer under Section 1404(a) must show good cause by clearly demonstrating that a transfer is for the convenience of parties and witnesses, in the interest of justice." *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022) (cleaned up). District courts enjoy "broad discretion in deciding whether to order a transfer." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (quoting *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998)). In determining whether to transfer a civil action under 28 U.S.C. § 1404(a), courts consider both private and public interest factors. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (citation omitted). The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure witnesses' attendance; (3) the cost of attendance for witnesses; and (4) all other practical problems. *Id.* (citation omitted). The

2

public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws. *Id.* at 203 (citation omitted).

### III. ANALYSIS

In determining whether to transfer a case under 28 U.S.C. § 1404(a), the threshold question is whether the district to which transfer is sought is a district in which the case "might have been brought." Under 28 U.S.C. § 1391(b)(1), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the [s]tate in which the district is located." Defendant Holand resides in McAllen, Texas, which is in the McAllen Division of the Southern District of Texas. Mot. 11. Defendants Just A Closet LLC, Just A Closet Management, LLC, Just A Closet #9 LLC, and Verturo Interests, LLC, are organized under the laws of Texas and have principal places of business in McAllen, Texas. *See* Defs.' App. 2-4, 8-19, 24-25. Because these four Defendants would be subject to personal jurisdiction in the Southern District of Texas if the Southern District of Texas were a separate state, *see Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." (cleaned up)), they are deemed to reside in the Southern District of Texas. *See* 28 U.S.C. § 1391(d) ("[I]n a [s]tate which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that [s]tate within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate [s]tate."); *see also Graham v. Dyncorp Int'l, Inc.*, 973 F. Supp. 2d 698, 701 n.2 (S.D. Tex. 2013) (reading "corporation," in the context of 28 U.S.C. § 1391(d), to include

"unincorporated entities like LLCs"). Accordingly, all five Defendants reside in the Southern District of Texas, and venue is proper in the Southern District of Texas.

Having resolved the threshold question in the affirmative, the Court balances the private and public interest factors set out above. As to the private interest factors, Defendants have shown that, to the extent evidence or witnesses will be necessary, the Southern District of Texas is more convenient than the Northern District of Texas. Documentary evidence related to the purchase and maintenance of Defendants' domain is in McAllen, Texas, because the entity that purchased and maintains the domain, Defendant Verturo Interests, LLC, is headquartered in McAllen, Texas. *See* Mot. 11; Defs.' App. 2-3 ¶ 3. Because all Defendants reside and/or are headquartered in McAllen, Texas, other operational documents and business records are also in McAllen, Texas. Mot. 11. Even if these documents may be accessed electronically, the physical location of the evidence weighs in favor of transfer. *See In re Volkswagen of Am., Inc.*, 545 F.3d at 316. Further, all but one of the witnesses identified by Defendants reside in McAllen, Texas, and Defendants identified two witnesses that live in McAllen, Texas, are no longer employed by Defendants, and may not be willing to testify. Mot. 11-12. Plaintiff has not identified any witnesses or documents that are in the Dallas Division of the Northern District of Texas. *See* Resp. 9-12. Accordingly, the first three factors weigh in favor of transfer.

With respect to the fourth factor, Plaintiff argues that, because this case has been pending since September of last year, any delays in litigation caused by transfer weigh against transfer. *See* Resp. 12. However, Plaintiff filed an amended complaint adding Defendant Verturo Interests, LLC, within the last two months. *See* Compl. This case has not progressed to the point where any delay in litigation resulting from transfer to a more convenient district would weigh against transfer.

4

As to the public interest factors, Defendants have shown that three out of the four factors are neutral, while one factor weighs in favor of transfer. As to the first factor, Plaintiff argues that resolution of this case would be more expeditious in this district because during the 12-month period ending December 31, 2025, the median time to trial in this district was 24.4 months, as opposed to 27 months in the Southern District of Texas, and this district had 536 pending cases per judgeship, while the Southern District of Texas had 889. Resp. 13-14. However, during the same period, the Northern District of Texas had 519 civil filings per judgeship, while the Southern District of Texas had 442. U.S. DIST. CTS. – JUD. CASELOAD PROFILE, https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile0930.2025.pdf (last visited June 5, 2026). Based on these statistics, the Court cannot conclude that the Northern District of Texas would be able to resolve this case in a more expeditious manner than the Southern District of Texas, or vice versa. Accordingly, this factor is neutral.

As to the second factor, Defendants have shown that the McAllen community has an interest in having this case decided in the McAllen Division of the Southern District of Texas and the Dallas community has no interest in deciding this case in the Northern District of Texas. Defendants are all residents of McAllen, Texas. About 42% of Defendants' customers are in the McAllen Division, while less than the 1% of customers are in the Dallas Division. Mot. 14. Plaintiff argues that Defendant Holand's reputation in the McAllen community poses potential jury bias issues. Resp. 15. However, that Defendant Holand might have a presence in the McAllen community does not mean that many in the community will be biased towards Defendants. Without any showing of actual predisposition towards Defendants, the Court will not assume that the McAllen community cannot treat the parties impartially, especially considering that the jury will be instructed to be fair and impartial in the case and it is an "almost invariable assumption of

5

the law that jurors follow their instructions." *Richardson v. Marsh*, 481 U.S. 200, 206 (1987) (citation omitted). Because this action has significant connection to McAllen, Texas, and no connection to Dallas, Texas, this factor weighs in favor of transfer.

The third factor is not relevant because the issues in this case involve federal law. *Odom v. Microsoft Corp.*, 596 F. Supp. 2d 995, 1004 (E.D. Tex. 2009) (citing, among other sources, *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)). And the fourth factor is also not relevant, as there are no potential conflict of laws issues. The Court concludes that the public interest factors weigh in favor of transfer.

Because the private and public interest factors weigh in favor of transfer to the United States District Court for the Southern District of Texas, the Court finds that a transfer would serve the convenience of the parties and witnesses and promote the interest of justice.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Transfer Venue [ECF No. 36] and **ORDERS** that this case be **TRANSFERRED** to the United States District Court for the Southern District of Texas, McAllen Division.

**SO ORDERED.**

SIGNED June 9, 2026.

KAREN GREN SCHOLER
**UNITED STATES DISTRICT JUDGE**

6